IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN M. AVDEEF, ET AL., | § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:24-cv-1029-S-BN |
| LINDSAY NICOLE COLE, ET AL., | § § | |
| Defendants. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Stephen M. Avdeef and Melissa A. Avdeef filed a *pro se* complaint in the Eastern District of Texas styled as an application for a writ of habeas corpus and claim for relief under 42 U.S.C. § 1983 relating to a family law matter in Hunt County. *See* Dkt. No. 1. The case was transferred to this Court. *See* Dkt. No. 4. And United States District Judge Karen Gren Scholer referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After the case was transferred, the Avdeefs paid the filing fee. By paying the fee, they assumed the responsibility to properly serve the named defendants with a summons and a complaint in accordance with Federal Rule of Civil Procedure 4. *See, e.g.*, FED. R. CIV. P. 4(e) (setting forth procedures for serving individuals); FED. R. CIV. P. 4(j) (setting forth procedures for serving state and local governments); *see also* FED. R. CIV. P. 4(d) (procedures for requesting that certain non-governmental defendants waive service). Under the Federal Rules of Civil Procedure, their deadline to effect

service and to file proof of service in accordance with Federal Rule of Civil Procedure 4(*l*) or an executed waiver of service was July 22, 2024. *See* FED. R. CIV. P. 4(m).

Because the Avdeefs did not timely file proof of service, the Court entered an order on November 21, 2024, to advise the Avdeefs of this obligation and ordering them, by December 20, 2024, to "file a motion for an extension of time under Rule 4(m) showing (1) good cause for the failure to serve by the deadline and (2) good cause for the Court to extend the time for service for an appropriate, specified period." Dkt. No. 8.

On December 20, 2024, the Avdeefs filed a motion to amend their complaint and attached to it Federal Express tracking documents and documents written by them that purport to provide notice to the defendants of the lawsuit. *See* Dkt. No. 9. The Avdeefs have not requested any summonses from the Court and have not provided any affidavits of service as required by Federal Rule of Civil Procedure 4(*l*) or any executed waivers of service for those defendants subject to the waiver procedure under Federal Rule of Civil Procedure 4(d).

**Discussion**

Federal Rule of Civil Procedure 4(m) authorizes a district court to, after providing notice, dismiss a case *sua sponte* without prejudice for a plaintiff's failure to effectuate service on a defendant within 90 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012).

While "[a] *pro se* plaintiff is entitled to notice before a district court dismisses

an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)," *Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)), "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules," *id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

That is, "a litigant's *pro se* status does not excuse failure to effect proper service," *Zellmar v. Ricks*, No. 6:17cv386, 2021 WL 805154, at *2 (E.D. Tex. Feb. 2, 2021) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)), *rec. adopted*, 2021 WL 796133 (E.D. Tex. Mar. 2, 2021), as "[t]he party effecting service has the burden of showing the validity of service," *Walker v. Forte*, No. 5:19cv158, 2021 WL 6930957, at *1 (E.D. Tex. Nov. 9, 2021) (citing *Sys. Signs Supplies*, 903 F.2d at 1013; *Matter of Arbitration Between Trans Chem. Ltd. v. China Nat. Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 298 (S.D. Tex. 1997), *op. adopted*, 161 F.3d 314 (5th Cir. 1998)), *rec. adopted*, 2022 WL 468031 (E.D. Tex. Feb. 15, 2022); *see also Savage v. Reliance Mortg. Corp.*, No. 6:17-cv-00053-RP-JCM, 2018 WL 4702535, at *3 (W.D. Tex. June 7, 2018) ("[T]he right of self-representation does not exempt a party from compliance with the relevant rules of civil procedure." (citing *Kersh*, 851 F.2d at 1512)), *rec. accepted*, 2018 WL 4688785 (W.D. Tex. Aug. 27, 2018).

And "Rule 4 requires only that the court notify a claimant that dismissal is impending for lack of timely service." *Roberts v. U.S. Dep't of Army*, 275 F.3d 42, 2001 WL 1223674, at *1 (5th Cir. Sept. 26, 2001) (per curiam) (citing FED. R. CIV. P. 4(m)).

The court need not also guide a plaintiff "on how to effect proper service." *Id.*

Here, the Court provided the Avdeefs notice and also directed them to the provisions of Rule 4. *See* Dkt. No. 8. Yet, the Avdeefs failed to effect proper service in the time allowed by the relevant rules.

Rule 4(c) requires a plaintiff to serve a copy of the complaint and a summons on defendants through a non-party. FED. R. CIV. P. 4(c). But the Avdeefs have not requested any summonses from the Clerk of Court, and it is not wholly clear from their filing whether they served a copy of the complaint on the defendants. Instead, the filing contains letters apparently drafted by the Avdeefs that purport to be a "Formal Federal Civil Litigation Notice" and that make unsupported representations about the Court's assessment of the case. *See* Dkt. No. 9 at 14-15. It is also not wholly clear how the documents were purportedly served. It appears that they were served by Federal Express and through electronic means. *Id.* It is also possible that some of the documents may have been served by regular mail. *Id.* at 15.

But however the documents were purportedly served, the Avdeefs did not file proof of service by server's affidavit as required under Rule 4(*l*). FED. R. CIV. P. 4(*l*); *see also* FED. R. CIV. P. 4(c)(2) (requiring service by person who is not a party).

And as to the method of service, "[s]ervice by mail is not expressly permitted by Federal Rule of Civil Procedure 4." *Caceres-Mejia v. Watson*, 718 F. App'x 307, 309 (5th Cir. 2018) (per curiam); *see also Gilliam v. Cnty. of Tarrant*, 94 F. App'x 230, 230 (5th Cir. 2004) (per curiam) (noting that "the use of certified mail is not sufficient to constitute 'delivering' under Rule 4" (citing *Peters v. United States*, 9 F.3d 344, 345

(5th Cir. 1993))). Similarly, electronic service is not expressly permitted by Rule 4. *See* FED. R. CIV. P. 4(e); FED. R. CIV. P.4(j).

Still, "an individual may be served by 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.'" *Caceres-Mejia*, 718 F. App'x at 309 (quoting FED. R. CIV. P. 4(e)(1)); *see also* FED. R. CIV. P. 4(h)(1)(A).

And Texas law does contemplate the use of mail – more specifically, Texas law provides for service by registered or certified mail, with return receipt requested. *See* TEX. R. CIV. P. 106(a) ("Unless the citation or court order otherwise directs, the citation must be served by: (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition."). Texas law only allows service through other methods, including electronic service, by court order upon a motion with a sworn statement showing that service was attempted through the authorized methods but was unsuccessful. *See* TEX. R. CIV. P. 106(b).

And, as to persons authorized to serve process under Texas law, Texas Rule of Civil Procedure 103 provides "that a sheriff, a constable, or any person authorized by law or by written order of the court not less than 18 years of age may serve any process, '[b]ut *no person who is a party* to or interested in the outcome of the suit may serve any process in that suit.'" *Blanton-Bey v. Carrell*, No. H-09-3697, 2010 WL 1337740, at *2 (S.D. Tex. Mar. 26, 2010) (quoting TEX. R. CIV. P. 103; emphasis

provided by *Blanton-Bey*); *see also Lucky v. Haynes*, No. 3:12-cv-2609-B, 2013 WL 3054032, at *2 (N.D. Tex. June 18, 2013) ("Upon amendment of the relevant [Texas] rules, federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized persons in Rule 103 can serve process by certified mail." (citations omitted)).

Texas law also requires that particular information be included in the return of service, such as the address served and the date of service or attempted service, *see* TEX. R. CIV. P. 107(b), and "when certified mail has been selected as the method of service, Texas law further requires that the return receipt be signed by the addressee," *Lucky*, 2013 WL 3054032, at *3 (citing TEX. R. CIV. P. 107(c); *Keeton v. Carrasco,* 53 S.W.3d 13, 19 (Tex. App. – San Antonio 2001, pet. denied)).

In sum, the documents filed by the Avdeefs – providing vague information indicating that documents were sent to defendants by the Avdeefs themselves through Federal Express, regular mail, or electronically – indicates that they failed to properly effect service under either the Federal Rules of Civil Procedure or Texas law. The Court should therefore dismiss this lawsuit without prejudice under Rule 4(m).

But, affording some leniency, given their *pro se* status, the time to file objections to this recommendation (explained below) provides the Avdeefs the opportunity to show, in writing, both (1) good cause for the failure to timely and properly effect service and (2) good cause for the Court to extend the time for service.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 4(m) unless the Avdeefs show good cause not to do so.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 26, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE